UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JORGE ALBERTO RAMOS,

Defendant.

**SUPERSEDING INFORMATION**

S2 23 Cr. 380 (JGK)

## COUNT ONE
### (Human Smuggling)
### (Victim-1)

The United States Attorney charges:

1.      From at least in or about November 2015 through at least in or about 2016, in the Southern District of New York and elsewhere, JORGE ALBERTO RAMOS, the defendant, knowing that a person was an alien, brought and attempted to bring to the United States such person at a place other than a designated port of entry and place other than as designated by the Secretary of Homeland Security, and aided and abetted the same, to wit, RAMOS arranged and paid money for Victim-1 to be smuggled from El Salvador into the United States.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(A)(v)(II).)

## COUNT TWO
### (Human Smuggling)
### (Victim-2)

The United States Attorney further charges:

2.      From at least in or about September 2016 through at least in or about 2017, in the Southern District of New York and elsewhere, JORGE ALBERTO RAMOS, the defendant, knowing that a person was an alien, brought and attempted to bring to the United States such person at a place other than a designated port of entry and place other than as designated by the

Secretary of Homeland Security, and aided and abetted the same, to wit, RAMOS arranged and paid money for Victim-2 to be smuggled from El Salvador into the United States.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(A)(v)(II).)

## COUNT THREE
### (Human Smuggling)
### (Victim-3)

The United States Attorney further charges:

3. From at least in or about August 2013 through at least in or about 2014, in the Southern District of New York and elsewhere, JORGE ALBERTO RAMOS, the defendant, knowing that a person was an alien, brought and attempted to bring to the United States such person at a place other than a designated port of entry and place other than as designated by the Secretary of Homeland Security, and aided and abetted the same, to wit, RAMOS arranged and paid money for Victim-3 to be smuggled from El Salvador into the United States.

(Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(A)(v)(II).)

## COUNT FOUR
### (Possession of Child Pornography)

The United States Attorney further charges:

4. At least in or about August 2023, in the Southern District of New York and elsewhere, JORGE ALBERTO RAMOS, the defendant, knowingly possessed and accessed with intent to view a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, RAMOS possessed sexually explicit images of minors,

including images of prepubescent minors and minors who had not attained 12 years of age, in his residence in the Bronx, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).)

## FORFEITURE ALLEGATION

5.  As a result of committing the offense alleged in Count Four of this Information, JORGE ALBERTO RAMOS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offense; and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offense or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offense.

Substitute Asset Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 2253;
Title 21, United States Code, Section 853;
and Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney